## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAURLANNA BRAXTON<br>836 Bonifant Street<br>Silver Spring, Maryland 20910[1]<br><br>*On Behalf of Herself and*<br>*Other Similarly Situated Individuals*<br><br>   PLAINTIFF,<br><br>   v.<br><br>ELDORADO LOUNGE, INC.<br>4100 E. Lombard Street<br>Baltimore, Maryland 21224<br><br>SERVE:  Kenneth Jackson<br>4100 E. Lombard Street<br>Baltimore, Maryland 21224<br><br>And<br><br>FOUR ONE FOUR, LLC<br>D/B/A KING & DIAMONDS<br>4100 E. Lombard Street<br>Baltimore, Maryland 21224<br><br>SERVE:  Kenneth Jackson<br>4100 E. Lombard Street<br>Baltimore, Maryland 21224<br><br>And<br><br>KENNETH JACKSON<br>4100 E. Lombard Street<br>Baltimore, Maryland 21224<br><br>   DEFENDANTS | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*          Case No.:<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

[1] To avoid retaliation, Plaintiff has used the address of her counsel.

Plaintiff Maurlanna Braxton a/k/a exotic dancer "Cash" (hereinafter, "Plaintiff"), on behalf of herself and other similarly situated individuals, by and through undersigned counsel, hereby submits this Class and Collective Action Complaint against Defendants Eldorado Lounge, Inc. ("Eldorado"), Four One Four, LLC d/b/a King & Diamonds ("King & Diamonds"), and Kenneth Jackson ("Jackson") who collectively are individually and jointly liable as a single employer, to recover unpaid wages and statutory damages for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of Baltimore City, Maryland.  By acting as the named Plaintiff in this matter, Plaintiff does hereby affirm her consent to participate as a Plaintiff and class representative in this Class and Collective Action seeking damages against Defendants under the FLSA, MWHL, and MWPCL.

2.    Eldorado is a corporation formed under the laws of the State of Maryland with its principal place of business in Baltimore City, Maryland.  At all times, Eldorado has been engaged in operating the Eldorado Lounge Gentlemen's Club and the King & Diamonds Gentlemen's Club in Baltimore City, Maryland.

3.    King & Diamonds is a limited liability company formed under the laws of the State of Maryland with its principal place of business in Baltimore City, Maryland. At all times, King & Diamonds has been engaged in operating the Eldorado Lounge

2

Gentlemen's Club and the King and Diamonds Gentlemen's Club in Baltimore City, Maryland.

4.      For the time period of at least December 2012 through the present (the "relevant time period"), Jackson was the President, Managing Member, and primary owner and operator of Eldorado and King & Diamonds.

   a.      During the relevant time period, Jackson had the power to hire, fire, suspend, and otherwise discipline Plaintiff and other exotic dancers at the Eldorado club and the King & Diamonds club.

   b.      During the relevant time period, Jackson had the power to set and control the work schedule for Plaintiff and other exotic dancers at the Eldorado club and the King & Diamonds club.

   c.      During the relevant time period, Jackson set the classification of Plaintiff and other exotic dancers as "independent contractors" and determined the rate and method of pay for Plaintiff and other exotic dancers at the Eldorado club and the King & Diamonds club.

   d.      During the relevant time period, Jackson controlled and was in charge of the day-to-day operations of the Eldorado club and the King & Diamonds club.

5.      Collectively, Defendants operate together as a "single enterprise employer" or "integrated enterprise" or "joint employer" presenting to the public as commonly owned and operated interrelated and connected exotic dance clubs in Baltimore City, Maryland.

6.     During the relevant time period, Defendants used a common joint "Application for Employment" applicable and used for all exotic dancers seeking to work at the Eldorado club and the King & Diamonds club.

7.     During the relevant time period, exotic dancers regularly and customarily were directed by Jackson and other management at the Eldorado Club and the King & Diamonds club to perform exotic dancing employment work duties at both clubs and to move for the shift from one club to the other if the business need arose or it was in Defendants' financial interest.

8.     Defendants commonly classify exotic dancers at both the Eldorado Club and the King of Diamonds club as independent contractors and not as employees.

9.     In furtherance of Defendants' business purpose of operating multiple exotic dance clubs, Defendants operated through two or more legal entities for the purpose of shielding liability.

10.     Notwithstanding that Defendants operate two or more separate legal entities, Defendants operations are centrally and commonly controlled and operated by Jackson.

11.     At all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

12.     Upon information and belief, Defendants use a common bookkeeper and accounting system and, upon information and belief, the common bookkeeper and accounting system serves substantially the same function for all Defendants.

13.     Defendants were each the "employers" or "joint employers" or "enterprise employer" for Plaintiff and other exotic dancers for purposes of the FLSA, MWHL, and MWPCL and Plaintiff and all other exotic dancer employees at Eldorado and King & Diamonds were employees with rights and protections under the FLSA, MWHL, and MWPCL.

14.     At all times, Defendants sold food and beverages that passed in interstate commerce and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

15.     At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

16.     At all times, Plaintiff and other exotic dancers employed by Defendants were employees who handled and participated in selling food and beverages that crossed state lines and were otherwise engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

18.     Venue is proper pursuant to 28 U.S.C. § 1391.

### FACTS

19.     Plaintiff is currently employed by Defendants and has been employed by Defendants since about December 2012.

20.     At all times, Plaintiff has performed exotic dancer employment work duties for the benefit of Defendants primarily at Defendants' Eldorado club and rarely at Defendants' instruction at Defendants' King & Diamonds club.

21.     While in Defendants' employ, Plaintiff's exact hours worked per week varied from week to week.

22.     Depending upon the time of year and Defendants' discretion, Plaintiff worked between twenty-five (25) and forty-eight (48) or more hours per week.

23.     At all times, Defendants have had knowledge of all hours Plaintiff worked per week and suffered or permitted Plaintiff to work all hours herein alleged.

24.     At all times, Defendants totally failed to pay Plaintiff any wages for work duties performed.

25.     At all times, Plaintiff and all other exotic dancer employees were employees of Defendants and were never independent contractors.

26.     At all times, Defendants controlled all aspects of Plaintiff's job duties and the job duties of other exotic dancer employees through strictly enforced employment rules.

27.     Defendants hired Plaintiff and other exotic dancer employees and, at all times, had the ability to discipline them, fine them, fire them, and suspend their employment.

28.     Defendants, at all times, supervised Plaintiff's work duties and the work duties of other exotic dancer employees to make sure Plaintiff's job performance and the job performances of other exotic dancer employees was of sufficient quality.

29.     At all times, Plaintiff and other exotic dancer employees' opportunity for wages and other compensation has been limited to the pay method and tip-splitting procedures set exclusively by Defendants.

6

30.     Plaintiff and other exotic dancer employees were never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

31.     At no time did Plaintiff or any other exotic dancer employee make a financial investment in Defendants business operation or any equipment belonging to Defendants.

32.     To perform the work duties that Plaintiff and other exotic dancer employees performed for Defendants, Plaintiff and other exotic dancer employees did not have or need any required certificate, education, or specialized training.

33.     At all times, Defendants have been in the business of operating gentlemen's clubs featuring exotic dancers.

34.     At all times, Plaintiff's job duties and the job duties of all other exotic dancer employees have been directly related to exotic dancing performances for Defendants' customers at Defendants' Eldorado club and King & Diamonds club.

35.     Plaintiff and other exotic dancer employees did not perform work that is exempt from the minimum wage requirement of the FLSA or MWHL.

36.     Plaintiff and other exotic dancer employees did not perform work that is exempt from the overtime wage requirement of the FLSA or MWHL.

**FEE AND FINE SYSTEM**

37.     At all times, Defendants enforced a kick-back fee requiring Plaintiff and other exotic dancer employees to pay Defendants a "tip in" to work each shift.

38.     On a typical shift, Plaintiff and other exotic dancer employees paid Defendants a kick-back "tip in" fee in a per-shift amount set by Defendants that ranged between thirty-five dollars ($35.00) to one hundred dollars ($100.00).

39.     Additionally, Defendants subjected Plaintiff and other exotic dancer employees to fees and fines for breaking Defendants' rules in amounts set at Defendants' sole discretion.

40.     The net result of Defendants' fee and fine system was the regular hourly rate for Plaintiff and other exotic dancer employees is calculated in the negative.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

41.     The Federal Rule 23 Class and the Class Members are defined as individuals that meet the following definition: (i) current and former exotic dancer employees who worked as exotic dancers at the Eldorado club or the King & Diamonds club at any time between December 2012 and the present; (ii) who were misclassified by Defendants as independent contractors; and (iii) who were not paid by Defendants for all hours worked at an hourly at least equal to the hourly rate required by the MWHL.

42.     On information and belief, during the period of Plaintiff's employment, Defendants employed fifty (50) or more exotic dancer employees who meet the Class and Class Member definition.

43.     The MWHL and MWPCL claims arising under this Complaint are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

44.     The Class and Class Members is believed to be at least fifty (50) or more current and former exotic dancer employees of Defendants making joinder of all members impracticable.

45.     The named Plaintiff will adequately represent the interest of the class members because she are similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

46.     There are no known conflicts of interest between the Plaintiff and the other class members.

8

47.     Class counsel Gregg C. Greenberg and the law firm Zipin, Amster & Greenberg, LLC are qualified and able to litigate Plaintiff's and the class members' claims.

48.     The law firm that represents Plaintiff and the class members concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under Federal and Maryland wage laws.

49.     Common questions of law and fact predominate in this action because all of the class' claims implicate the same wage laws of the State of Maryland.

50.     The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

51.     The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52.     Absent this action, Plaintiff and the class members likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of Maryland.

## COLLECTIVE ACTION ALLEGATIONS

53.     In addition to pursuing this action as a Class Action for MWHL and MWPCL violations under Federal Rule of Civil Procedure 23, Plaintiff is pursuing this action as a FLSA Collective Action on behalf of herself and all other similarly situated individuals.

54.     The FLSA Collective Action Class and the Collective Action Class Members are defined as individuals that meet the following definition: (i) current and former exotic dancer employees who worked as exotic dancers at the Eldorado club or the King & Diamonds club at any time between December 2012 and the present; (ii) who were misclassified by Defendants as independent contractors; and (iii) who were not paid by Defendants for all hours worked at an hourly at least equal to the hourly rate required by the FLSA.

55.     In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

56.     The essence of this entire case is the Plaintiff and other similarly situated individuals were improperly classified as independent contractors and were not paid for all hours worked at the rate required by the FLSA.

57.     Common to Plaintiff and all collective action class members is that each individual received wages from Defendants at a rate less than what is required by the FLSA for all hours worked each week.

58.     Specifically, Plaintiff and each collective action class member seek the difference between their regular hourly rates and the FLSA required rate and statutory damages under the FLSA.

59.     In the present case, the number of collective action class members is believed to exceed fifty (50) current and former exotic dancer employees.

60.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

61.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

62.     Defendants, as employers for Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal Minimum Wage.

63.     Defendants, as employers for Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all overtime hours worked per week in excess of forty (40) at an overtime rate **not less than** the higher of one-and-one half (1½) times their regular rate of pay **or** one-and-one half (1½) times the FLSA Minimum Wage.

64.     At all times, Defendants paid Plaintiff and other exotic dancer employees no wages for hours worked.

65.     More exactly, when kickback fees and fines that Defendants deducted from Plaintiff and other exotic dancers are factored in, Defendants paid Plaintiff and other exotic dancer employees a net negative average hourly regular rate.

66.     The net negative hourly rate paid by Defendants to Plaintiff and other exotic dancer employees fell below the applicable Federal Minimum Wage and the required FLSA overtime rate.

67.     At all times, Defendants had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never contractors.

11

68.     At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the FLSA.

69.     Defendants' failure to pay compensation to Plaintiff and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law

70.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

71.     Defendants, as employers for Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Maryland Minimum Wage.

72.     Defendants, as employers for Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all overtime hours worked per week in excess of forty (40) at an overtime rate **not less than** the higher of one-and-one half (1½) times their regular rate of pay **or** one-and-one half (1½) times the Maryland Minimum Wage.

73.     At all times, Defendants paid Plaintiff and other exotic dancer employees no wages for hours worked.

12

74.     More exactly, when kickback fees that Defendants deducted from Plaintiff and other exotic dancers are factored in, Defendants paid Plaintiff and other exotic dancer employees a net negative average hourly regular rate.

75.     The net negative hourly rate paid by Defendants to Plaintiff and other exotic dancer employees fell below the applicable Maryland Minimum Wage and the required MWHL overtime rate.

76.     At all times, Defendants had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never contractors.

77.     At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the MWHL.

78.     Defendants' failure to pay compensation to Plaintiff and other exotic dancer employees as required by the MWHL was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated Class Members) for unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### (Violation of the Maryland Wage Payment and Wage Collection Law)

79.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

80.     Without legal excuse or justification, Defendants withheld and failed to pay Plaintiff and other exotic dancers all wages due for work duties performed as described above.

81.     Defendants withheld and failed to timely pay all wages due and owing to Plaintiff and other exotic dancer employees without permission and without any other justification recognized or otherwise allowed by the MWPCL.

82.     Defendants' unlawful and unauthorized withholding of wages belonging to Plaintiff and other exotic dancer employees constitutes a failure by Defendants to pay Plaintiff and other exotic dancers all wages due on time and as required for work performed as mandated by the MWPCL.

83.     Defendants' failure to pay Plaintiff and other exotic dancers all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated Class Members) for unpaid wages in such amounts as are proven at trial, plus three (3x) times the amount of unpaid and/or improperly withheld and/or deducted wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 17291
Jason D. Friedman, Bar No. 18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone:  301-587-9373
Fax:  301-587-9397
Email:  ggreenberg@zagfirm.com
        jfriedman@zagfirm.com

*Counsel for Plaintiff*