# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BRAXTON et al.,

   Plaintiffs,

v.                                   Civil No.: BPG-15-3661

EL DORADO LOUNGE, INC. et al.,

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

A jury trial was held in this case from July 23 to July 26, 2018. At the conclusion of the trial, the jury returned a verdict for the plaintiffs. (ECF No. 241). The issues remaining for the court are to determine whether: (1) in light of the jury's finding that the defendants did not act willfully in withholding wages from plaintiffs, the amount of wages awarded by the jury that are applicable are those wages for work performed after specific dates noted on the verdict sheet; and (2) the court should award liquidated damages under the Fair Labor Standards Act ("FLSA"). After the trial, the court requested briefing from the parties on these two issues (ECF No. 244) and the parties submitted responsive letters. (ECF Nos. 246 and 247).

As to the first issue, the verdict sheet required the jury to apportion the amount of wages awarded to plaintiffs between wages earned before and after a specific date. The reason for this apportionment was that plaintiffs were only entitled to wages prior to the specific date if the jury found that defendants acted willfully in withholding wages from plaintiffs. Given that the jury

did not so find, there appears to be no dispute that the amount of wages that are applicable are as follows: (1) Plaintiff Braxton–$5,000; (2) Plaintiff Scott–$910; and (3) Plaintiff Gamble–$210.[1]

The remaining issue for the court is whether the court should award liquidated damages in an additional equal amount to the unpaid wages awarded by the jury in accordance with 29 U.S.C. Sections 216(b) and 260. An employer who violates the FLSA minimum wage provisions is liable to the employee in the amount of their unpaid wages, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The awarding of liquidated damages is mandatory unless the employer shows to the satisfaction of the court that the employer acted in good faith and had reasonable grounds for believing its conduct was not a violation of the FLSA. 29 U.S.C. § 260. Good faith under this statute "requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." Pruisin v. Canton's Pearls, LLC, No. JKB-16-0605, 2017 WL 5126156 (D. Md. Nov. 6, 2017) (quoting Lockwood v. Prince George's Cty., 217 F.3d 839 (4th Cir. 2000)).

Here, defendants argue that efforts to comply with the FLSA were undertaken in good faith. The basis of their claim is Mr. Jackson's testimony that he had been compensating the dancers in this fashion for a long time and his accountant never informed him that he was classifying his employees incorrectly. He further asserted that he noted these payments on his tax returns and the IRS never told him he was wrong in his treatment. The IRS is, of course, not tasked with interpretations or enforcement of the FLSA.[2] Defendants never sought legal advice or took any active steps to ensure compliance. The fact that no one ever informed defendants that they were not in compliance with the FLSA does not permit them to now claim good faith or

---

[1] Neither party addressed the first issue in their letters to the court.

[2] The court observes that, defendants' letter (ECF No. 247) is largely unresponsive to the court's inquiry, and misstates evidence at trial and rulings of the court.

that their grounds for inaction were reasonable.  Defendants' conduct falls short of the affirmative "active steps" required by an employer to understand what is required by the FLSA and adjust its practices to comply with those requirements.  As such, defendants' conduct does not fall within the good faith exception under the statute.  <u>See</u> <u>Pruisin</u>, 2017 WL 5126156 at *14 (citing <u>Burnley v. Short</u>, 730 F.2d 136, 140 (4th Cir. 1984)) (defendants cannot now claim their "ostrichlike attitude of self-delusion" as a good faith attempt to comply with the FLSA).  Accordingly, I conclude that an award of liquidated damages in an additional equal amount to the unpaid wages awarded by the jury is appropriate in this case.

Date: August 9, 2018                                 _____/s/_____
                                                                    Beth P. Gesner
                                                                    Chief United States Magistrate Judge