# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BRAXTON et al.,

    Plaintiffs,

v.

ELDORADO LOUNGE, INC. et al.,

    Defendants.

Civil No.: BPG-15-3661

## MEMORANDUM OPINION

A jury trial was held in this case from July 23 to July 26, 2018. At the conclusion of the trial, the jury returned a verdict for the plaintiffs. (ECF No. 241). Currently pending before the court is: (1) Plaintiff's Petition for Award of Attorneys' Fees and Costs ("Plaintiff's Motion") (ECF No. 248); (2) Defendants' Joint Motion for Opposition of Plaintiff's Requests for an Enhanced Judgment to Gain Unreasonable Attorneys' Fees ("Defendants' Opposition") (ECF Nos. 251-1, 252); and (3) Plaintiff's Reply in Support of Its Petition for Award of Attorneys' Fees and Costs ("Plaintiff's Reply") (ECF No. 253). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Plaintiff's Motion (ECF No. 123) is GRANTED in part and DENIED in part.

## I. BACKGROUND

On December 5, 2015, plaintiff Maurlanna Braxton filed a Class and Collective Action Complaint, on behalf of herself and other similarly situated individuals, against defendants Eldorado Lounge, Inc. ("Eldorado"), Four One Four, LLC d/b/a King & Diamonds ("King & Diamonds"), and Kenneth Jackson ("Jackson") to recover unpaid wages and statutory damages

for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), as amended, Md. Code (2016 Repl. Vol.), §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage Payment and Collection Law ("MWPCL"), as amended, L.E. §§ 3-501 *et seq.* (ECF No. 1). In plaintiff's First Amended Complaint, plaintiffs Brittany Scott and Stephanie Gamble were joined. (ECF No. 19). Plaintiff Brionna Williams was joined in plaintiff's Second Amended Complaint. (ECF No. 28). Plaintiffs sought damages amounting to all wages owed, liquidated damages under the FLSA, liquidated damages under the MWHL, and treble damages under the MWCPL. (ECF No. 220).

Plaintiffs moved for partial summary judgment as to defendants' liability and with respect to their affirmative defenses. (ECF No. 39). This motion was denied in part[1] (ECF No. 148) and the case proceeded to trial.[2] The jury returned a verdict for plaintiffs and found that defendants owed Maurlanna Braxton $5,000 for work after December 1, 2013, Brittany Scott $910 for work after July 5, 2014, and Stephanie Gamble $120 for work after July 5, 2014, under the FLSA only. (ECF No. 241). The court further ordered an award of liquidated damages under the FLSA in an additional equal amount to the unpaid wages awarded by the jury. (ECF No. 249).

Plaintiffs filed the instant motion on August 8, 2018. (ECF No. 248). Plaintiffs seek an award of reasonable attorneys' fees and costs pursuant to the FLSA. (ECF No. 248 at 1). Plaintiffs request $104,189.00 in attorneys' fees[3] and $3,150.00 in costs. (ECF No. 248 at 2). In support of this motion, plaintiffs include a statement of fees and costs and an affidavit from

---

[1] Judge Hollander granted the motion in part, finding that plaintiffs were employees of defendants under the FLSA only. (ECF No. 148 at 16).
[2] The case proceeded to trial with only three plaintiffs: Maurlanna Braxton, Brittany Scott, and Stephanie Gamble. Plaintiff Brionna Williams was dismissed on the morning of trial based on counsel's representations that they had not had contact with her.
[3] Plaintiffs originally requested $101,689 and requested an additional $2,500 in their Reply for time spent responding to Defendants' opposition. (ECF No. 253 at 1).

2

counsel. (ECF Nos. 248-1, 248-2). Defendants challenge this request and argue that the amount was caused in large part by plaintiffs' failure to review discovery and engage in settlement discussions. (ECF No. 252 at 4, 13).

## II. STANDARD OF REVIEW

The FLSA declares that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). While the payment of attorney's fees is mandatory, the amount "is within the sound discretion of the trial court." Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). "The proper calculation of an attorney's fee award involves a three-step process. First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013) (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009)). In making this determination, "the court is bound to apply the factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)." Id. (citing Robinson, 560 F.3d at 243–44). The twelve Johnson factors include:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 88 n.5. Second, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Id. at 88 (quoting Robinson, 560 F.3d at 244). Lastly, "the court

3

should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" Id.

**III.   ANALYSIS**

  **A. *Lodestar* Calculation**

Plaintiffs request attorneys' fees in the amount of $104,189.00 for a total of approximately 345 hours.[4] The vast majorities of the time entries presented by plaintiffs list an hourly rate of $300[5] (ECF No. 248-1) and plaintiffs specifically request a billing rate of $300 (ECF No. 248 at 7). Plaintiffs also note that this rate is squarely within the guidelines listed in Appendix B of the U.S. District Court of Maryland Local Rules, which identifies a range of $225–$350 per hour for attorneys admitted to the bar for nine to fourteen years. (ECF No. 248 at 7). The attorneys here, Ken C. Gauvey, Gregg Greenberg, and Jennifer Lubinski have been admitted to the Maryland bar for approximately eleven, ten, and twenty years, respectively. Id. Defendants have not asserted any objection to the use of this billing rate. (ECF Nos. 251, 252). Accordingly, I find that $300 is a reasonable hourly rate. At the outset, I will reduce plaintiffs' requested attorneys' fees by $700 to $103,489.00 to adjust for the hours charged at a higher billing rate.

Plaintiffs additionally argue that the amount of hours worked is reasonable under a Johnson factor analysis. Counsel presented a billing statement that identified the amount of time expended and tasks performed and recorded these entries contemporaneously. (ECF No. 248 at 6). Plaintiffs cite to defendants' actions in ignoring court orders, failing to cooperate, and filing

---

[4] Plaintiffs include a statement of fees and costs that delineates 336.63 hours (ECF No. 248-1) and then ask for an additional $2,500 for responding to defendants' opposition to the instant motion (ECF No. 253 at 1). The additional $2,500 amounts to approximately 8.33 hours based on an hourly rate of $300 that is used for the vast majority of the entries in ECF No. 248-1.

[5] Three entries, dated March 29, 2017, April 4, 2017, and April 5, 2017, list an hourly rate of $325, and one entry, dated December 20, 2017, lists an hourly rate of $350. (ECF No. 248-1).

of frivolous motions as a cause for increased time and labor necessary for the case. (ECF No. 248 at 7). Plaintiffs also argue that the case addressed novel questions of fact and law and that counsel litigated these issues with expert skill. (ECF No. 248 at 8). As to the fourth factor, counsel claim that they suffered significant opportunity costs due to the years spent on this case. (ECF No. 248 at 9). Additionally, this case was taken on a contingency basis. Id. Plaintiffs also argue that the jury returned a significant recovery for plaintiffs that serves to discourage employers from theft of employee pay. (ECF No. 248 at 10). Plaintiffs argue that they obtained this recovery despite the many complications with the case, including the lack of evidence regarding hours worked and pay received. Id. Plaintiffs state that each plaintiffs' attorney has a significant, positive reputation in employment law, including the designation of "SuperLawyer." Id. Finally, plaintiffs cite to comparable awards of attorneys' fees in matters with similar and even lesser results. (ECF No. 248 at 11) (citing Almendarez et al. v. J.T.T. Enterprises Corp. et al., No. JKS-06-68, 2016 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (awarding $84,058 in fees and $12,534.35 in costs when three plaintiffs were only awarded $3,300 by the jury); Chapman v. Ourisman Chevrolet Co., No. AW-08-2545, 2011 WL 2651867 at *18 (D. Md. July 1, 2011) (awarding $27,292.52 in fees to counsel for an offer of judgment of $3,100 for two plaintiffs)).

Defendants raise several objections to plaintiffs' request. First, defendants argue that Mr. Gauvey and Ms. Lubinski each performed tasks in the case before entering an appearance in the case. (ECF No. 252 at 12). Defendants also argue that Mr. Gauvey did not review the discovery regarding compensation received by plaintiffs until December 7, 2017, 13 months after the entered his appearance, and thus wasted significant amounts of time arguing that plaintiffs never received any compensation in the case. (ECF No. 252 at 13). As to the second and third Johnson factors, defendants argue that the issues in the case were routine and uncomplicated and

5

therefore required little skill, pointing to the ability of defendant Jackson to litigate the case pro se. (ECF No. 252 at 14–15). Defendants also counter that counsel were not precluded from other employment, citing to 24 cases litigated by Mr. Gauvey in Maryland state court alone. (ECF No. 252 at 15–16). Concerning the fifth and sixth Johnson factors, defendants argue that Mr. Gauvey contracted with plaintiffs on a contingency basis to receive a percentage of their damages and that he should not be allowed to increase the amount he would have received in accordance with the contingent fee agreement. (ECF No. 252 at 17–18). Finally, defendants argue that comparable cases awarding monetary damages are distinct because in those cases, employers did not compensate employees at all and split tips with them, whereas here, plaintiffs earned commissions and kept their tips. (ECF No. 252 at 19). These arguments have no merit as they are inconsistent with the fee-shifting provisions of the FLSA.

Based on my review of the billing statement and the Johnson factors, I find that the hours requested by plaintiffs are generally reasonable. Plaintiffs properly documented the hours spent on this case and did not claim any clerical, administrative, or other non-legal work. Mr. Gauvey performed the bulk of the work in this case, with Mr. Greenberg only billing for the initial meeting with clients and drafting of the complaint, and Ms. Lubinski billing only for drafting the Motion in Limine and assisting at trial. (ECF No. 248-1). Defendants' argument that Mr. Gauvey and Ms. Lubinski improperly billed for work on the case prior to entering an appearance, (ECF No. 252 at 12), is without merit. Similarly, while defendants argue that Mr. Gauvey wasted time arguing that plaintiffs never received compensation, the amounts of compensation received by, and owed to, plaintiffs was the main issue at trial. (ECF No. 220 at 2).

Plaintiffs did, however, include charges for some excessive, redundant, or otherwise unnecessary hours on legal tasks. Plaintiffs claimed that 18 hours were spent drafting two

motions in limine, a motion requesting permission to file the second motion in limine, and an opposition to defendants' request to file a surreply to the motion in limine.[6] I find that this amount is excessive, as the filings were only a few pages each, cited to minimal legal authority, and contain largely the same arguments and analysis. Thus, I will reduce this amount by 14 hours, allowing for a total of 4 hours in this category. Additionally, plaintiffs claimed 33.8 hours were spent on reviewing and assembling exhibits for trial on four different days.[7] Although there were disputes between the parties regarding the trial exhibits, I find that 33.8 hours for this task is excessive, as the number and nature of exhibits in this case were not complex. Therefore, I will reduce this amount by 18.8 hours, allowing for a total of 15 hours in this category. Finally, plaintiffs request $2500, which equals approximately 8.33 hours at an hourly rate of $300, in reimbursement for their time replying to defendants' oppositions to this motion. (ECF No. 253 at 1). I find that this amount is excessive, as the opposition was only 3.5 pages and did not contain significant legal analysis. I will reduce this amount by 6.33 hours, allowing for a total of 2 hours in this category. Accordingly, the amount of requested attorneys' fees will be reduced by $11,739 for a total of 39.13 hours. For these reasons, I find that the lodestar amount is $91,750.

### B. Adjustments

Next, the court "should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (quoting Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008)). "A claim is unrelated

---

[6] Entries dated December 20, 2017, and January 29, February 7, and March 8, 2018, all reference drafting motions or pleadings related to the motions in limine. (ECF No. 248-1 at 4–5).

[7] Entries dated June 13, July 2, July 9, and July 20, 2018, all reference reviewing and assembling exhibits or documents to be introduced at trial. (ECF No. 248-1 at 5–6). I do note that the entry dated July 2, 2018, also references drafting an opening statement, and have accounted for this in my calculation. I also note, however, that time was charged for preparing an opening statement on July 22, 2018.

7

if it is 'distinct in all respects from his successful claims.'" Corral v. Montgomery Cty., 91 F. Supp. 3d 702, 719 (D. Md. 2015) (quoting Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)). A claim is considered "distinctly different if it is 'based on different facts and legal theories.'" Id. (quoting Hensley, 461 U.S. at 434). "When however, all claims 'involve a common core of fact . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'" Andrade v. Aerotek, Inc., 852 F. Supp. 2d 637, 640 (D. Md. 2012) (quoting Brodziak v. Runyon, 145 F.3d 194, 197 (4th Cir. 1998)). Here, while plaintiffs sought relief under different legal theories, all claims involved the same set of underlying facts. Accordingly, plaintiffs' unsuccessful claims are not unrelated to the successful FLSA claim, so no adjustment is necessary.

The final step in determining the award for attorneys' fees is "to award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013) (quoting Robinson, 560 F.3d at 244). While "[t]he Supreme Court has 'reject[ed] the proposition that fee awards . . . should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers," Andrade, 852 F. Supp. 2d at 644 (quoting City of Riverside v. Rivera, 477 U.S. 561, 574 (1986)), a reduction is appropriate if "the relief, however significant, is limited in comparison to the scope of the litigation as a whole." McAfee, 738 F.3d at 92 (quoting Hensley, 461 U.S. at 439–40). The final award "should be adequate to attract competent counsel, but should not produce a windfall to attorneys." Id. (citing City of Riverside, 477 U.S. at 580).

Here, plaintiffs brought claims under the FLSA, MWHL, and MWCPL, but only succeeded on their FLSA claim. Additionally, the jury awarded a modest $6,030 in damages. Plaintiffs did, however, obtain an additional $6,030 in liquidated damages under the FLSA. See

Almendarez et al. v. J.T.T. Enterprises Corp. et al., No. JKS-06-68, 2016 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (noting that although plaintiffs' award of $3,300 was low, plaintiffs obtained an additional $3,300 in liquidated damages and that the case served important interests of the FLSA). Nonetheless, the amount of time expended by counsel was clearly excessive in light of the level of success. Such modest success does not defeat an award of recovery fees, but does justify a reduction of the award. See, e.g., Butler v. Directsat USA, LLC, et al., No. DKC-10-2747, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (reducing fee by one third from $387,586 to $258,390.67 when final settlement amount of $36,000 was significantly lower than the demand of $300,644.94); Almendarez, 2010 WL 3385362 at *7 (reducing fee by 25% from $112,077.50 to $84,058 when plaintiffs' award of $6,600 was "so low in relation to what they sought as to render their victory close to purely technical"); Andrade v. Aerotek, Inc., 827 F. Supp. 2d 637, 644 (reducing fee by 25% from $146,821.25 to $110,115.94 when accepted offer of judgment amount of $13,940.08 was "clearly limited relative to the scope of litigation"). Here, plaintiffs sought damages that were substantially higher than their final award of $12,060. Accordingly, I conclude that a reasonable fee is the lodestar amount of $91,750 reduced by one-quarter for a total attorneys' fee award of $68,812.50.

### C. Costs

Plaintiffs seek costs reimbursement for $400 in filing fees and $2,750 in deposition transcript fees for a total of $3,150. (ECF No. 248-1 at 7). Defendants do not object to this request. The charges listed are typical, reasonable, and supported by appropriate declaration. Accordingly, plaintiffs' request for reimbursement of costs in the amount of $3,150 will be awarded.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for attorneys' fees and costs will be granted in the amount of $68,812.50 in attorneys' fees and $3,150 in costs for a total of $71,962.50.

Date: November 28, 2018

/s/
Beth P. Gesner
Chief United States Magistrate Judge