**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BRAXTON, et al.,

   Plaintiffs,

v.                                                            Civil No.: BPG-15-3661

ELDORADO LOUNGE, INC., et al.,

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Currently pending before the Court are plaintiffs' Motion for Sanctions (ECF No. 274), defendant Kenneth Jackson's (hereinafter, "defendant") Motion for Preliminary Injunction (ECF No. 275), plaintiffs' Opposition to Motion for TRO (ECF No. 276), and defendant's Response to Plaintiffs' Opposition to Defendant's Request for an Injunction (ECF No. 276). The issues have been fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Plaintiff's Motion for Sanctions (ECF No. 274) is granted in part and denied in part, and defendant's Motion for Preliminary Injunction (ECF No. 275) is denied.

On September 19, 2018, plaintiffs served defendant with interrogatories in aid of enforcement of judgment. (ECF No. 274 at 1). When defendant did not respond timely to the interrogatories, plaintiffs emailed defendant on November 15, 2018 and informed defendant that, if no responses were forthcoming by November 16, they would file the "appropriate motion for sanctions" with the court. (ECF No. 274-2 at 3). On November 16, 2018, defendant responded that he did not intend to respond to the discovery requests. (ECF No. 274-2 at 1–2). On February

21, 2019, plaintiffs filed the pending Motion for Sanctions.[1]  Defendant did not file an opposition to plaintiffs' Motion for Sanctions, but rather filed a Motion for Preliminary Injunction asking the court to "[s]tay and [sic] further proceedings against [d]efendant and order a Preliminary Injunction pending the result of the appealed [sic] filed by [d]efendant." (ECF No. 275 at 1).

**I. Plaintiffs' Motion for Sanctions**

Plaintiffs ask that the court "issue an Order compelling Mr. Jackson to respond to discovery requests under the threat of contempt" and "permit the submission of fees and costs for the issuance of discovery and pursuit of this relief to permit the Court to award costs and fees against Mr. Jackson." (ECF No. 274 at 2–3). The Federal Rules of Civil Procedure provide that, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Here, plaintiffs sought discovery in aid of judgment or execution from defendant by issuing interrogatories pursuant to Federal Rule of Civil Procedure 33. Defendant failed to answer these interrogatories in a timely fashion. Accordingly, plaintiffs properly filed a motion to compel answers to these interrogatories pursuant to Rule 37(a)(3)(B)(iii), which allows a party seeking discovery to move for an order compelling an answer if "a party fails to answer an interrogatory submitted under Rule 33."[2]

Given defendant's failure to respond to plaintiffs' discovery requests in a timely fashion, and his representations that he does not intend to respond to the requests, plaintiffs' request that the court order an issue compelling defendant to respond to discovery requests is granted.

---

[1] Although titled a "Motion for Sanctions," this motion is also considered a motion to compel, as plaintiffs seek an order "compelling Mr. Jackson to respond to discovery requests under the threat of contempt." (ECF No. 274 at 2).
[2] Plaintiffs also included in the motion a certification that plaintiffs, in good faith, attempted to confer with defendant in an effort to obtain discovery without court action, pursuant to Rule 37(a)(1). (ECF No. 274 at 1).

Defendant is directed to respond fully to plaintiffs' interrogatories by no later than May 23, 2019. Plaintiffs' request for other relief is denied without prejudice at this time.

## II. Defendant's Motion for Preliminary Injunction

Defendant requests that the court order a preliminary injunction against plaintiffs "to prevent any further action to be granted in favor of the [p]laintiffs while awaiting an order to be rendered from the Court of Appeals." (ECF No. 275 at 2). Defendant fails, however, to provide any legal authority that supports this request. As noted by plaintiffs, a party may obtain a stay of execution on a judgment and proceedings to enforce it by providing a bond or other security. (ECF No. 276 at 2 (citing Fed. R. Civ. P. 62(b)). Here, no such bond has been posted, and post-judgment discovery is permitted. Fed. R. Civ. P. 69(a)(2). Accordingly, defendant's Motion for Preliminary Injunction (ECF No. 275) is denied.

## III. Conclusion

For the foregoing reasons, plaintiffs' Motion for Sanctions (ECF No. 274) is GRANTED in part and DENIED in part. Defendant's Motion for Preliminary Injunction (ECF No. 275) is DENIED. A separate order will be issued.

Date: April 24, 2019 /s/
Beth P. Gesner
Chief United States Magistrate Judge