# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BRAXTON, et al.,

    Plaintiffs,

v.                                          Civil No.: BPG-15-3661

ELDORADO LOUNGE, INC., et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the Court is pro se defendant Kenneth Jackson's Motion for Reconsideration ("Motion") (ECF No. 280). No hearing is necessary. Loc. R. 105.6. For the reasons stated below, Mr. Jackson's Motion is denied.

On September 19, 2018, plaintiffs issued interrogatories pursuant to Federal Rule of Civil Procedure 33, seeking discovery in aid of judgment or execution from Mr. Jackson. (ECF No. 274 at 2). Mr. Jackson failed to respond to those interrogatories in a timely manner. Id. Plaintiffs then filed a motion asking the court to compel Mr. Jackson to respond and seeking sanctions against Mr. Jackson. (ECF No. 274). By order dated April 24, 2019, I ordered Mr. Jackson to respond to these interrogatories by May 24, 2019 but denied plaintiffs' request for other relief without prejudice. (ECF No. 279). Mr. Jackson then filed the instant motion on May 16, 2019, asking the court to "[r]econsider the [s]anctions being imposed against him for failure to respond to [plaintiffs'] post-judgment interrogatories." (ECF No. 280 at 1).

Mr. Jackson seeks "a reconsideration of the sanctions ordered against him under Federal Rule of Civil Procedure 60." Id. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Mr. Jackson argues that imposing sanctions on him for failing to respond to plaintiffs' interrogatories is inappropriate for several reasons, including (1) plaintiff "never requested payment of the judgment;" (2) "the court did not clarify the actual amount each [d]efendant was held liable for and to which [p]laintiff;" (3) Mr. Jackson "believed that the above captioned case had reached its finality when he filed the appeal;" (4) the court did not order post-judgment discovery "and has never ordered Jackson to participated in the untimely post-judgment discovery, or sent notice of post-discovery deadlines, prior to issuing the sanctions for failing to respond to post-judgment discovery;" (5) during the relevant time [plaintiffs' counsel] alleges that he sent Jackson [p]ost-[j]udgment interrogatories, [plaintiffs' counsel] was seeking to service interrogatories in two other cases;" (6) "[plaintiffs' counsel] was waging two other cases against Jackson, leaving Jackson unaware of which case [plaintiffs' counsel's] single email was specifically referring to, and this could not have possibly suffice [sic] as good faith attempts;" and

(7) "[plaintiffs'' counsel] has never faced a single consequence or sanction for his misconduct or for deceiving the court." (ECF No. 280 at 2–3).

None of Mr. Jackson's arguments, however, establish a proper basis for reconsideration pursuant to Rule 60(b). Further, the court did not impose any sanctions upon Mr. Jackson. (ECF No. 278 at 3). As previously noted, plaintiffs properly issued interrogatories pursuant to Federal Rule of Civil Procedure 33, and Mr. Jackson failed to respond to these interrogatories in a timely fashion. (ECF No. 278 at 2). Accordingly, I ordered Mr. Jackson to respond to these interrogatories by May 24, 2019, but declined to grant plaintiffs' request for other relief, i.e., sanctions, at that time. (ECF No. 278 at 2–3). Accordingly, Mr. Jackson has failed to articulate any proper basis for reconsideration of my April 24, 2019 order.

For the foregoing reasons, Mr. Jackson's Motion is DENIED. A separate order will be issued.

Date: May 17, 2019                  /s/
                                                       Beth P. Gesner
                                                       Chief United States Magistrate Judge