**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                                     |   |                           |
|-------------------------------------|---|---------------------------|
| BRAXTON, <u>et</u> <u>al.</u>,      | * |                           |
| Plaintiffs,                         | * |                           |
|                                     | * |                           |
| v.                                  | * | Civil No.: BPG-15-3661    |
|                                     | * |                           |
| ELDORADO LOUNGE, INC., <u>et</u> <u>al.</u>, | * |                  |
| Defendants.                         | * |                           |
|                                     | * |                           |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending are plaintiffs' Request for Oral Examination and Motion for Alternative Service (ECF No. 281) and Motion for Contempt and Request for Show-Cause Hearing (ECF No. 284). No hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiffs' Request for Oral Examination is granted, plaintiffs' Motion for Alternative Service is denied, and plaintiffs' Motion for Contempt and Request for Show-Cause Hearing is denied.

## I.     PLAINTIFFS' REQUEST FOR ORAL EXAMINATION

Plaintiffs request that the court issue an Order allowing plaintiffs to take the oral examination of <u>pro</u> <u>se</u> defendant Kenneth Jackson in accordance with Federal Rule of Civil Procedure 69 and Maryland Rule 2-633(b). (ECF No. 281 at 1). Federal Rule of Civil Procedure 69(a)(2) states that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Maryland Rule 2-633(b) states that "on request of a judgment creditor, filed no earlier

1

than 30 days after entry of a money judgment, the court where the judgment was entered or recorded shall issue an order requiring the appearance for examination under oath before a judge or examiner of (1) the judgment debtor, or (2) any other person who may have property of the judgment debtor, be indebted for a sum certain to the judgment debtor, or have knowledge of any concealment, fraudulent transfer, or withholding of any assets belonging to the judgment debtor." Here, more than 30 days have passed since this court entered a money judgment against Mr. Jackson in favor of plaintiffs. Accordingly, plaintiffs' request is granted, and a separate order scheduling the oral examination shall be issued.

## II.     PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

Plaintiffs request that the court permit plaintiffs to serve Mr. Jackson with the forthcoming order for oral examination by submitting same via U.S. Mail, First Class, Postage Prepaid sent to Mr. Jackson at 4100 E. Lombard St., Baltimore, MD 21224. (ECF No. 281 at 1). Maryland Rule 2-633(b) requires that the order be served upon the judgment debtor in the manner provided by Maryland Rule 2-121. Maryland Rule 2-121(a) states that service of process may be made "(1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'" Maryland Rule 2-121(b) states that "[w]hen proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of

suitable age and discretion at the place of business of the defendant." Finally, Maryland Rule 2-121(c) states that "[w]hen proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."

Here, plaintiffs argue that "Mr. Jackson has consistently lied to the Court about his residence," as he "has repeatedly stated that he may be served exclusively at the address of El Dorado Lounge, Inc., which Mr. Jackson has also repeatedly stated is out of business." (ECF No. 281 at 1). As noted by plaintiffs, however, this is the only address that Mr. Jackson has ever provided to the court, and Mr. Jackson has repeatedly represented to the court that he receives mail at this address and "has received all of the [p]laintiffs' pleadings and correspondences as well as correspondence from the Court at 4100 East Lombard Street." (ECF No. 277 at 3). Accordingly, plaintiffs have failed to establish that alternative service is appropriate pursuant to Maryland Rule 2-121(b) or 2-121(c), and plaintiffs' request is denied without prejudice.

### III. PLAINTIFFS' MOTION FOR CONTEMPT AND REQUEST FOR SHOW-CAUSE HEARING

On September 19, 2018, plaintiffs issued interrogatories pursuant to Federal Rule of Civil Procedure 33, seeking discovery in aid of judgment or execution from Mr. Jackson. (ECF No. 274 at 2). Mr. Jackson failed to respond to those interrogatories in a timely manner. Id. Plaintiffs then filed a motion asking the court to compel Mr. Jackson to respond and seeking sanctions against Mr. Jackson. (ECF No. 274). By order dated April 24, 2019, I ordered Mr. Jackson to respond to these interrogatories by May 24, 2019 but denied plaintiffs' request for other relief without prejudice. (ECF No. 279). Mr. Jackson responded to plaintiffs' interrogatories on May 22, 2019, although plaintiffs argue that "Mr. Jackson literally provided no responses and objected to all

3

responses." (ECF No. 284-1 at 2). Plaintiffs argue that "[i]t is obvious that Mr. Jackson held this Court's Order in contempt, and Mr. Jackson should be sanctioned up to and including incarceration until such time as Mr. Jackson agrees to provide full and complete responses in accordance with this Court's Order." Id. Accordingly, plaintiffs request that the court enter a show-cause order for a contempt hearing. Id.

While the court "may impose fines or prison sentences for contempt and enforce 'the observation of order'" pursuant to its inherent authority, this authority "may only be exercised to sanction 'bad-faith conduct,'" and "must be exercised with restraint and discretion." Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 518 (D. Md. 2010) (citations omitted). Here, while plaintiffs argue that "Mr. Jackson [sic] objections and refusal to comply with this Court's order is clearly, blatantly, and childishly meant to avoid his financial obligations to Plaintiffs" (ECF No. 284-1 at 2) plaintiffs have failed to clearly establish that Mr. Jackson acted in bad-faith, especially in light of his pro se status. Additionally, plaintiffs will have the opportunity to obtain the information sought at their requested oral examination in aid of judgment. Accordingly, plaintiffs' request is denied.

## IV.     CONCLUSION

For the foregoing reasons, plaintiffs' Request for Oral Examination (ECF No. 281) is granted, plaintiffs' Motion for Alternative Service (ECF No. 281) is denied, and plaintiffs' Motion for Contempt and Request for Show-Cause Hearing (ECF No. 284) is denied. A separate order scheduling the oral examination shall be issued.


Date: June 3, 2019                                          /s/
                                                    Beth P. Gesner
                                                    Chief United States Magistrate Judge


4